[No. 35336.    Department Two. September 15, 1960.]

VINCENT CROSWAITE *et al., as Executors, Respondents,* v. JOSEPH A. PIERCE, *Appellant.*[1]

[1]Reported in 355 P. (2d) 160.

*Perrine & Thompson* and *Arthur & Hanley*, for appellant.

*Ralph E. Purvis*, for respondents.

ROSELLINI, J.—This is a suit upon a promissory note, brought by the executors of the estate of Vena K. Pierce, deceased, who was the divorced wife of the defendant. The cause was tried without a jury and is before this court upon the findings of fact, to which no error has been assigned.

The essential finding, upon which judgment in favor of the plaintiffs was based, is as follows:

"III  That on November 15, 1951, for a valuable consideration, the defendant made, executed and delivered to the said Vena K. Pierce his promissory note in the sum of $8,-000.00, in words and figures as follows, to-wit:

" 'No........................  NAME  Vena K. Pierce  Due 6-1-52
Bremerton, Washington Nov. 15, 1951  $8,000.00
For value received I promise to pay to the order of
THE NATIONAL BANK OF COMMERCE OF SEATTLE
At its Banking House in Bremerton, Washington
" 'Eight Thousand Dollars with interest from Nov. 15-1951 until paid at the rate of 4½ per cent per annum, payable in one installments on the principal of not less than date of Maturity each, together with the full amount of interest accrued on this note at the time of payment of each installment. First installment of principal and interest payable at Maturity. Principal and interest payable only in lawful money of the United States. Upon default in the payment of any installment of interest or of principal, the whole amount then unpaid shall become due and immediately payable at the option of the holder. Should any installment due hereunder become more than fifteen days in arrears, the maker agrees to pay to the holder hereof a 'late charge' of 5 cents for each dollar of said arrearage. Each and every party signing or endorsing this note hereby waives presentment, demand, protest and notice of nonpayment thereof, binds himself as principal, not as surety, and promises, in case suit is instituted to collect the same or any portion thereof, to pay such additional sums as the court may adjudge reasonable as attorney's fees in such suit, and agrees that at the option of the holder, the venue of any such suit may be laid in King county, Washington.
"COLLATERAL  Personal Note and ½ Interest in Community Property
"ADDRESS
"PHONE  Belfair 5-3883  Joseph A. Pierce."

It is the contention of the defendant that this finding alone does not entitle the plaintiffs, as representatives of Vena K. Pierce, to recover upon the note, and that the record is devoid of evidence which would tend to establish such a right.

The note is made payable to the order of The National Bank of Commerce of Seattle and is not endorsed. There is no finding, nor any suggestion by the plaintiffs, that the note was ever delivered to the payee, or that it was transferred to Vena K. Pierce by said payee. Their cause of action rests solely upon a contention that the bank was not intended to have any interest in the note and was therefore a "fictitious payee," within the meaning of RCW 62.01.009, which provides:

"[A negotiable instrument] is payable to bearer . . . (3) When it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable; . . . "

■ It is well settled that a "fictitious" person, within the meaning of the act, may be an actual person so long as the maker or endorser does not intend the named payee to receive the note or other negotiable instrument. *Hall v. Bank of Blasdell,* 306 N. Y. 336, 118 N. E. (2d) 464; *American Sash & Door Co. v. Commerce Trust Co.,* 332 Mo. 98, 56 S. W. (2d) 1034; *In re Hammer's Estate,* 261 N. Y. S. 478, 237 App. Div. 497; *Goodyear Tire & Rubber Co. of California v. Wells Fargo Bank & Union Trust Co.,* 1 Cal. App. (2d) 694, 37 P. (2d) 483. See Britton on Bills and Notes 696, § 149.

But the controlling fact is the intent of the maker; and his knowledge that he is making it to a fictitious payee is essential. *Home Indemnity Co. v. State Bank of Fort Dodge,* 233 Iowa 103, 8 N. W. (2d) 757; *American Hominy Co. v. Millikin Nat. Bank,* (D. C. Ill.) 273 Fed. 550. For an extended list of cases so holding, see 1 Uniform Laws Annotated, Negotiable Instruments, 135, § 9, note 7.

■ To show this intent, the plaintiffs rely upon the fact that the note was found among the possessions of the decedent and that the defendant testified he was not

indebted to the bank in the amount of $8,000 at the time the note was executed. His counsel's attempt to elicit a further explanation of the transaction was thwarted by an objection that it concerned a transaction with a deceased person and was inadmissible under the "dead man statute" (RCW 5.60.030).

These facts are not sufficient to raise a presumption that the decedent was the owner of the note and that it was valid and subsisting at the time of her death. A representative of the bank testified that the note was on a standard form of the bank and that her name appeared in the place provided for the name of the person to whom the bank would look for payment. It can easily be inferred that the signature of the defendant (who had continued to manage the business affairs of the parties after their divorce) was intended as an accommodation endorsement for the procurement of a loan. The record is devoid of evidence that Vena K. Pierce furnished any consideration for the note; and although there is a finding that it was given for "a valuable consideration," that is unquestionably based upon the recital in the instrument itself and is not a finding that the "consideration" was paid by the decedent.

The plaintiffs offer no explanation of why the note was given nor why the name of the bank should have been used if the decedent was intended to be the true payee. In any event, the findings do not reveal that Vena K. Pierce was the intended payee of the note, and since they do not show that she ever became the owner of it through delivery or endorsement by the payee, they do not support the judgment in her favor. Our examination of the record in this case (which unfortunately is devoid of testimony throwing light on the actual intention of the parties, thanks to the beneficent aid of the "dead man's statute") has disclosed no evidence which would justify such findings, had they been made.

The judgment is reversed and the cause dismissed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.